UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

KELLY VICTORIO BAUGH, a/k/a B,
        *Defendant-Appellant.*

No. 99-4473

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-42)

Submitted: September 29, 2000

Decided: October 30, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Sara E. Flannery, Assistant United States Attorney, Justin
N. Davis, Third-Year Law Student, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kelly Victorio Baugh appeals his conviction for possession of crack cocaine with the intent to distribute in violation of 21 U.S.C.A. § 841 (West 1999). We affirm.

Baugh raises five issues on appeal. He first contends that the district court erred in denying a pre-trial motion to suppress evidence found in plain view, arguing that the stop which afforded the officers an opportunity to view the evidence was illegal. We disagree, finding the stop to be supported by reasonable suspicion. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968). Accordingly, we find no error in the district court's denial of Baugh's motion.

Baugh also asserts that the district court erred in admitting this same evidence at trial over his chain of custody objections. Evidence admitted by the district court after an objection challenging the chain of custody is reviewed for abuse of discretion. *See United States v. Ricco*, 52 F.3d 58, 61 (4th Cir. 1995). The chain of custody rule, found in Fed. R. Evid. 901, provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Authentication or identification conforming with the requirements of Rule 901 is satisfied by the testimony of a witness with knowledge. *See* Fed. R. Evid. 901(b)(1). "[T]he ultimate question is whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." *United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir. 1982). "[P]recision in developing the chain of custody is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what

it purports to be and has not been altered in any material aspect." *Id.* (internal quotation marks omitted); *see also United States v. Turpin*, 65 F.3d 1207, 1213 (4th Cir. 1995) (stating that the government must establish through a chain of custody that the evidence is in substantially the same condition it was when it was seized). Applying this standard to the facts of this case, we conclude that the district court did not abuse its discretion in admitting the challenged evidence.

Baugh next asserts that the district court erred in admitting evidence in violation of the best evidence rule. We conclude that the evidence at issue was properly admitted under Fed. R. Evid. 1003, and therefore find no abuse of discretion. *See United States v. Patterson*, 150 F.3d 382, 387 (4th Cir. 1998) (providing standard), *cert. denied*, 525 U.S. 1086 (1999).

Baugh next contends that the district court erred in admitting the opinion testimony of a police officer as to the quantity of drugs that may be purchased for $150—a point that he contends is relevant to the issue of distribution. Even assuming that this admission was erroneous, we find sufficient other evidence of distribution to conclude "'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). Accordingly, we find that any error was harmless.

Finally, Baugh contends that his conviction was not supported by substantial evidence. To sustain the conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In making this assessment the government is entitled to all reasonable inferences from the facts established to those sought to be established. *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

Baugh's arguments in regard to this claim depend mainly upon his success on the foregoing issues—that is, he argues that without the admission of the previously challenged evidence, his conviction

would not be supported by substantial evidence. Inasmuch as these arguments each proved to be without merit, Baugh's challenge to the sufficiency of the evidence against him likewise fails. Our review of Baugh's trial leads us to conclude that the facts, when viewed in the light most favorable to the Government, are sufficient for a reasonable trier of fact to have found Baugh guilty beyond a reasonable doubt. Accordingly, we affirm Baugh's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*